IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DIANE M. GARRITY, PAUL G. GARRITY, ) <br> JR., and PAUL M. STERCZALA, as ) <br> fiduciaries of the estate of Paul G. Garrity, Sr., ) <br> deceased, ) <br> ) <br> Defendants. ) <br> _____) | Case No. 2:18-cv-00111 |

**COMPLAINT**

The Plaintiff United States of America, pursuant to 26 U.S.C. § 7401, with the authorization of the Secretary of the Treasury (the "Secretary"), and at the direction of a delegate of the Attorney General, brings this civil action to collect from the estate of Paul G. Garrity, Sr., deceased, outstanding civil penalties assessed under 26 U.S.C. § 6677 (the "Foreign Trust Penalties") against Paul G. Garrity, Sr., for his failure to timely file Form 3520 (Annual Return to Report Transactions with Foreign Trusts and Receipt of Certain Foreign Gifts) for tax years 1996, 1997, 1998, and 2004, and for his failure to ensure that the Lion Rock Foundation (a foreign trust of which he was the primary beneficiary) timely filed Form 3520-A (Annual Information Return of Foreign Trust with a U.S. Owner) for tax years 1997 through 2008.

For its Complaint, the United States alleges as follows:

### *General Allegations*

1. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1340, and 1345, and 26 U.S.C § 7402(a).

2. Paul G. Garrity, Sr., died testate on February 10, 2008. A probate case for the estate of Paul G. Garrity, Sr., deceased, case no. 08-0211, was initiated on March 3, 2008, and is currently pending with the probate court located at Saybrook, Connecticut.

3. The defendant Diane M. Garrity is named as a defendant in her capacity as a fiduciary of the estate of Paul G. Garrity, Sr., deceased.

4. The defendant Paul G. Garrity, Jr., is named as a defendant in his capacity as a fiduciary of the estate of Paul G. Garrity, Sr., deceased.

5. The defendant Paul M. Sterczala is named as a defendant in his capacity as a fiduciary of the estate of Paul G. Garrity, Sr., deceased.

6. Venue is proper under 28 U.S.C. § 1391(b) and 1396.

***Paul G. Garrity, Sr.'s Establishment of a Foreign Trust***

7. In November 1989, Paul G. Garrity, Sr., established the Lion Rock Foundation, a Liechtenstein Stiftung (the "Foreign Trust"). Paul G. Garrity, Sr., was the primary beneficiary of the Lion Rock Foundation from the time it was founded until his death in 2008.

8. The Lion Rock Foundation opened an account in its name with LGT Bank, a bank located in Liechtenstein (the "Account"). The Account continued in existence until after the death of Paul G. Garrity, Sr.

9. In 2004, Paul G. Garrity, Sr., and his three sons, Kevin S. Garrity, Paul G. Garrity, Jr., and Sean R. Garrity, travelled to Liechtenstein. Paul G. Garrity, Sr., instructed Lion Rock Foundation to distribute $100,000.00 from the Account, from which he distributed $25,000 to each of his sons. Paul G. Garrity, Sr., did not file any Gift Tax Return (IRS Form 709) or otherwise report such transfers to the Internal Revenue Service ("IRS").

### *Paul G. Garrity, Sr.'s Failure to File Foreign Trust Information Returns*

10. Under 26 U.S.C. § 6048(a), a United States person (as defined at 26 U.S.C. § 7701(a)(30)) who either creates a foreign trust or transfers money or property (directly or indirectly) to a foreign trust, must file a Form 3520 (Annual Return to Report Transactions with Foreign Trusts and Receipt of Certain Foreign Gifts). Under 26 U.S.C. § 6048(c), a United States person who receives (directly or indirectly) a distribution from a foreign trust must file a Form 3520. The Form 3520 is due at the same time as the United States person's federal income tax return is due for the year in which the reportable events occurred.

11. Under 26 U.S.C. § 6677(a), the person responsible for filing the Form 3520 is subject to a penalty of $10,000 or 35% of the gross reportable amount, whichever is greater, for failure to file the Form 3520 timely.

12. A foreign trust with a United States owner must file a Form 3520-A (Annual Information Return of Foreign Trust with a U.S. Owner) to satisfy the foreign trust's annual reporting requirements under 26 U.S.C. § 6048(b). It is the trust owner's responsibility to ensure that the Form 3520-A is timely filed. The Form 3520-A is due by the 15th day of the third month after the end of the trust's tax year.

13. Under 26 U.S.C. § 6677(b), the United States owner is subject to a penalty of $10,000 or 5% of the gross reportable amount, whichever is greater, for failure to file the Form 3520-A timely.

14. For purposes of 26 U.S.C. §§ 6048 and 6677, Paul G. Garrity, Sr., was the owner of the Foreign Trust.

15. Upon information and belief, Paul G. Garrity, Sr., did not disclose the existence of the Foreign Trust to the IRS, either on his federal income tax returns for tax years 1996-2008, or

at any other time.  Moreover, upon information and belief, Paul G. Garrity, Sr., did not advise the accountant who prepared his 1996-2008 federal income tax returns of the existence of the Foreign Trust at any time.

16. Paul G. Garrity, Sr., did not timely file a Form 3520 for tax years 1996, 1997, 1998, and 2004.

17. Paul G. Garrity, Sr., failed to ensure that the Lion Rock Foundation timely filed a Form 3520-A for tax years 1997 through 2008.

18. During the IRS examination of Paul G. Garrity, Sr.'s federal tax liabilities, in 2012, the IRS secured from the estate of Paul G. Garrity, Sr., the delinquent Forms 3520 for tax years 1996-98 and 2004 and delinquent Forms 3520-A for tax years 1997-2007.

19. Upon information and belief, the Form 3520-A for tax year 2008 was filed by Paul G. Garrity, Sr.'s three sons (Kevin S. Garrity, Paul G. Garrity, Jr., and Sean R. Garrity) in 2009.

***Assessment of Foreign Trust Penalties Against Paul G. Garrity, Sr.***

20. On the dates below, a delegate of the Secretary has made assessments against Paul G. Garrity, Sr., for foreign trust penalties, pursuant to 26 U.S.C. § 6677, with respect to the Foreign Trust, which have balances due with accruals calculated to January 15, 2018, as follows:

| Tax Year | Assessment Date | Assessment Type | Assessed Amount | Balance Due as of 1/15/2018 |
|---|---|---|---|---|
| 1996 | 12/10/2012 | 6677 | $26,250.00 | $31,141.37 |
|  | 3/25/2013 | Interest | $227.39 |  |
| 1997 | 12/10/2012 | 6677 | $18,550.00 | $103,324.86 |
|  | 12/17/2012 | 6677 | $68,585.00 |  |
|  | 12/17/2012 | Interest | $10.65 |  |
|  | 3/25/2013 | Interest | $704.47 |  |
|  | 4/1/2013 | Interest | $50.56 |  |

| Tax Year | Assessment Date | Assessment Type | Assessed Amount | Balance Due as of 1/15/2018 |
|---|---|---|---|---|
| 1998 | 12/10/2012 | 6677 | $98,000.00 | $216,763.28 |
|  | 12/17/2012 | 6677 | $84,765.00 |  |
|  | 12/17/2012 | Interest | $56.24 |  |
|  | 3/25/2013 | Interest | $1,477.90 |  |
|  | 4/1/2013 | Interest | $106.06 |  |
| 1999 | 12/10/2012 | 6677 | $84,775.00 | $100,571.78 |
|  | 3/25/2013 | Interest | $734.35 |  |
| 2000 | 12/10/2012 | 6677 | $83,863.00 | $99,489.83 |
|  | 3/25/2013 | Interest | $726.45 |  |
| 2001 | 12/10/2012 | 6677 | $82,821.00 | $98,253.66 |
|  | 3/25/2013 | Interest | $717.43 |  |
| 2002 | 12/10/2012 | 6677 | $85,410.00 | $101,325.07 |
|  | 3/25/2013 | Interest | $739.86 |  |
| 2003 | 12/10/2012 | 6677 | $91,075.00 | $108,045.71 |
|  | 3/25/2013 | Interest | $788.93 |  |
| 2004 | 12/10/2012 | 6677 | $35,000.00 | $147,553.93 |
|  | 12/17/2012 | 6677 | $89,429.00 |  |
|  | 12/17/2012 | Interest | $20.09 |  |
|  | 3/25/2013 | Interest | $1,006.03 |  |
|  | 4/1/2013 | Interest | $72.19 |  |
| 2005 | 12/10/2012 | 6677 | $93,669.00 | $111,123.04 |
|  | 3/25/2013 | Interest | $811.40 |  |
| 2006 | 12/10/2012 | 6677 | $103,100.00 | $122,311.38 |
|  | 3/25/2013 | Interest | $893.09 |  |
| 2007 | 12/10/2012 | 6677 | $112,467.00 | $133,423.82 |
|  | 3/25/2013 | Interest | $974.23 |  |
| 2008 | 12/10/2012 | 6677 | $110,475.00 | $131,060.63 |
|  | 3/25/2013 | Interest | $956.98 |  |
|  |  |  | **TOTAL** | **$1,504,388.36** |

21.     Pursuant to 26 U.S.C. § 6751(b), the determination to make each of the penalty assessments set forth in the preceding paragraph was personally approved in writing by the immediate supervisor of the individual making such determination.

22.     A delegate of the Secretary duly gave notice of the tax liabilities described in paragraph 20, above, to, and made demand for payment of the balance due upon, the estate of Paul G. Garrity, Sr.

23. Despite such notice and demand, the estate of Paul G. Garrity, Sr., has failed, neglected, or refused to pay in full the liabilities described in paragraph 20, above.

WHEREFORE, the Plaintiff United States of America requests that this Court:

A. Enter judgment in favor of the United States of America and against the Defendants Diane M. Garrity, Paul G. Garrity, Jr., and Paul M. Sterczala, as fiduciaries of the estate of Paul G. Garrity, Sr., deceased, for the Foreign Trust Penalties assessed against Paul G. Garrity, Sr., with regard to tax years 1996 through 2008, in the combined amount of $1,504,388.36, plus statutory additions accruing from January 15, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c); and

B. Award the United States of America its costs in this action, and such other and further relief as the Court determines is just and proper.

DATED: January 18, 2018

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

 /s/ Philip L. Bednar
PHILIP L. BEDNAR
CARL L. MOORE
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-307-6415 (v) (plb)/202-307-5892 (clm)
202-514-5238 (f)
Philip.L.Bednar@usdoj.gov
Carl.L.Moore@usdoj.gov

*Local Counsel:*

JOHN H. DURHAM
United States Attorney

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)  County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)  Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.  Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.  Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.  Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.